In THE United STATES District

For THE Northern District Of TEXAS
Dallas Division

**ORIGINAL**

Alfred lee STYNE ET. Al.     Cause No.
Plaintiff.,

          V                  3-22CV0070-E

Bryan Cullien ET. Al.
DEFENDANT.,

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 1 1 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

        Plaintiff's Original Complaint
     TO THE Honorable United States District
Judge: _____.

        Come Now Alfred lee STYNE (Herein AFTer
Reffenned TO As STYNE Or Plaintiff., Who bring
THis ACTiON Pursuant TO 42 U.S.C. § 1983. And
28 U.S.C. §§ 1331-1343 And THE FOURTH. And FOU-
rTEENTH AmendMent TO THE U.S. CONSTiTUTiON TO
Vindicate His Rights TO be Free From: THE FAl
SE Imprisonment And wrongful Arrest And
ProsecuTiON. And Files THis. His Original
Complaint. Complaining Of And AbouT: DEF-
EndANTS. And For Cause Of ACTiON would
SHOw THE Court As Follows.

INTRODUCTION

THE PlAINTIFF AlFred lee STYNe WAS FAlse
ly-ImpRisoN ANd wRoNgFully ARRested. CHARged
ANd CoNvicted oF BuRglARy oF A BuildiNg. oN
oct. 14. 1991 iN THE 283 DistRict CouRt oF DAllAS
CouNTy TEXAS beFoRe A JuRy iN CAuse No. F-91-42
452 NT STYNe WAS FouNd guilty oF THE CHARge ANd SeN-
TeNce To SeRve 70 yeARs iN THE TEXAS DepARtmeNt oF
CRimiNAl JustiCe InsitutioNAl DivisioN.

THeRe AFteR STYNe WAS CHARged ANd CoN-
victed oF AggRAVATed AssAult oN A CoRRectioN-
NAl-oFFiceR oN ApRil 7 1992 iN THE 47TH DistR-
ict CouRt oF PotteR CouNTy TEXAS beFoRe A Ju
Ry iN CAuse No.31-986-A ANd lateR TRied ANd
SeNTeNce oN mARcH 31 1994. To SeRve 20 yeARs
iN THE TEXAS DepARtmeNt oF CRimiNAl JustiCe In-
stitutioNAl DivisioN THis CoNvictioN WAS STA
CKed To STYNes FiRst CoNvictioN iN CAuse No
F-91-42452 NT. FoR BuRglARy oF A buildiNg.

# LIST OF PARTIES

1. Pro-SE. Alfred lee Styne 599665 Allred Unit 2101 FM 369 Iowa Park Texas 76567.

2. Hattie Byrd 679 Tarkington Rd N. Stone Mtn. Ga 30088.

3. Maxzine Byrd 679 Tarkington Rd. N. Stone Mtn. Ga 30088.

4. Marilyn Byrd 679 Tarkington Rd. N. Stone Mtn. Ga. 30088.

5. Eddie Byrd 679 Tarkington Rd. N. Stone Mtn. Ga. 30088.

6. luvinia Robinson Dulten 1023 Nunta Hairst Un Rd. Bldg I Apt. 2 Stone Mtn. Ga 30083

7. Debbie Byrd Jackson 1155 Wheat Street Madison Ga. 30650.

8. leola Byrd Redmond 1438 Saint Dunstans Rd. lithonia. Ga 30058.

9. Dunwell Pointer 596 Tarnalyon Count S.W. Atlanta Ga 30351.

## Plaintiff-Parties

# LIST OF PARTIES

1. THE CITY OF DALLAS COUNTY TEXAS: CITY HALL 1500 MANILLA STREET DALLAS COUNTY TEXAS 75217.

2. THE SHERIFF: JIM BOWLES. FRANK CROWLEY COURT S BUILDING 133 N. RIVER FRONT 16-___. DALLAS TEXAS 75217.

3. THE POLICE CHIEF: JANE OR JOHN DYE: FRANK CROWLEY COURT'S BUILDING 133 N. RIVER FRONT 16___ DALLAS TEXAS 75217.

4. THE CRIMINAL DISTRICT ATTORNEY: JOHN VANCE FRANK CROWLEY COURT'S BUILDING 133 N. RIVER FRONT 16___ DALLAS TEXAS 75217.

5. THE ASSISTANCE CRIMINAL DISTRICT ATTORNEY: SANDY REED FRANK CROWLEY COUNTS BUILDING 133 N. RIVER FRONT 16___ DALLAS TEXAS 75217.

6. THE ASSISTANCE CRIMINAL DISTRICT ATTORNEY: RICHARD D. REED FRANK CROWLEY COUNTS BUILDING 133 N. RIVER FRONT 16___ DALLAS TEXAS 75217.

7. PUBLIC DEFENDANT: GERALD SKYN FRANK CROWLEY COUNTS BUILDING 133 N. RIVER FRONT 16___. DALLAS COUNTY TEXAS 75217.

DEFENDANT PARTIES

4.

List Of Parties

8. THE Criminal County Attorney: Jane Or John Doe 600 Commerce St. 8t Floor Dallas County Texas 75202.

9. THE Assistance Criminal County Attorney: Jane Or John Doe. 600 Commerce St. 1 St Floor Dallas County Texas 75202.

10. THE Assistance Criminal County Attorney: Jane Or John Doe 600 Commerce St. 1st Floor Dallas County Texas 75202.

11. Public Defendant Keith Jayman Frank Crowley Courts Building 133 N. River Front 16 — Dallas County Texas 75207.

12. Public Defendant Bruce Anton Frank Crowley Courts Buildy 133 N. River Front 16 — Dallas County Texas 75207.

13. THE 283 District Court Judge Jack Hampton Frank Crowley Courts Building 133 N. River Front 16 —. Dallas County Texas 75207.

14. THE 195 District Court Judge Joe Kendal Frank Crowley Courts Building 133 N. River Front 16 — Dallas County Texas 75207.

(5),
Defendant Parties

LIST OF PARTIES

15. THE COUNTY COURT JUDGE JANE OR JOHN DOE
    600 COMMERCE ST. 1ST. FLOOR DALLAS COUNTY
    TEXAS 75202.

DEFENDANT PARTIES

16. BRYAN COLLIER : EXECUTIVE DIRECTOR (T.D.C.J.ID)
    P.O. BOX-99 HUNTSVILLE TEXAS 77342

6

# DEFENDANT'S ACT OR OMISSIONS THAT
# HARMED THE PLAINTIFF

1. THE CITY OF DALLAS COUNTY TEXAS: IMPLEMENT-
   ED A FORMULATED-POLICE-IDENTIFICATION POL-
   ICY AND PROCEDURE THAT SUGGESTIVELY MISTA-
   KEN STONE'S IDENTIFICATION WITH THE CRIME
   SCENE SUSPECT.

2. THE SHERIFF: ARRESTED AND DETAINED STONE
   ON THE CHARGE OF BURGLARY OF A BUILDING.

3. THE POLICE CHIEF: ARRESTED AND DETAINED ST-
   ONE ON THE CHARGE OF BURGLARY OF A BUIL-
   DING.

4. THE CRIMINAL DISTRICT ATTORNEY: FAILED TO P-
   RESERVE THE CRIME SCENE SUSPECTS IDENTIF-
   ICATION,. AND FAILED TO DISCLOSE ANY SUBST-
   ANTIAL EXCULPATORY-EVIDENCE INTO THE REC
   ORD OF THE TRIAL TO SHOW THAT THE DEFEN-
   DANT WAS THE CRIME SCENE SUSPECT. HE AL-
   SO PROSECUTED THE BURGLARY OF A BUILD-
   ING OFFENSE IN THE CRIMINAL DISTRICT COURT.
   WITHOUT JURISDICTION,

5. THE ASSISTANCE CRIMINAL DISTRICT ATTORNEY: HE SE-
CURED THE OFFENSE AS A 2nd DEGREE FELONY., HE
FAILED TO PRESENT ANY SUBSTANTIAL EXCULPATORY EV-
idence INTO THE RECORDS PRIOR TO TRIAL OR PRET-
RIAL TO SUPPORT THE IN COURT SHOW-UP IDENTIFI-
CATION TESTIMONY.

6. THE ASSISTANCE CRIMINAL DISTRICT ATTORNEY: AIDED
HIS CO-WORKERS IN PROSECUTING THE OFFENSE.
AND TOGETHER THEY PLACED FRAUD BEFORE THE GRAND
AND JURY AND JURY TO OBTAIN A CONVICTION.

7. PUBLIC DEFENDANT: HE FAILED TO PREVENT THE OFF-
ENSE FROM BEING PROSECUTED AS A 2nd DEGREE
FELONY. HE FAILED TO REQUEST FOR THE TEXAS ID-
ENTIFICATION CARD ON DISCOVERY. PRIOR TO
TRIAL OR PRETRIAL.

8. THE CRIMINAL COUNTY ATTORNEY: TRANSFERRED THE
OFFENSE THE DISTRICT COURT TO BE PROSECUTED
AS A 2nd DEGREE FELONY.

9. THE ASSISTANCE CRIMINAL COUNTY ATTORNEY: AID
ED IN TRANSFERRING THE OFFENSE TO THE DIST-
RICT COURT FOR 2nd DEGREE PROSECUTION.

10. The Assistant DA. Documents: He Aided in Transfering the Offense to the District Court For 2nd degree-Prosecution.

11. Public-Defender: KEITH JAYMAN He Failed to Prevent the Offense From being Prosecuted As a 2nd degree Felony. He Failed to Request For the TEXAS Identification Card on discovery prior to Trial on pretrial. He Failed to File Motions to Determine the Independent-Source of the Witness Recollection-TESTIMONY. On Motion the Jury on the Reliability of the Witness Recollection TESTIMONY.

12. Public defender: Bruce Anton He Failed to Appeal Any Errors of Identification in the case.

13. The District Court Judge: He Accepted the Transfering-Order From the County Courts to Prosecute the Offense As A 2nd degree Felony.

14 The District Court Judge: He Accepted the Transfering Order From the County Courts to Prosecute The Offense As A 2nd degree Felony.

15. THIS COURT SHOULD CHARGE, QUALIFIES, TRANSFERRED THIS OFFE-
    USE TO THE DISTRICT COURTS TO be PROSECUTED
    AS A 2nd degree FELONY.

16. BRYAN COLLIER EXECUTIVE DIRECTOR: Implem-
    ENTED AN UNCONSTITUTIONAL POLICY THAT denied
    ME due-process.

SUBJECT MATTER JURISDICTION FOR THIS CAUSE RESTS WITH THIS HONORABLE COURT AS THE CASE INVOLVES VIOLATIONS OF THE U.S. CONSTITUTION AND OTHER FEDERAL LAW. IN PERSONAL JURISDICTION IS SATISFIED AS TO DEFENDANT: THE CITY OF DALLAS COUNTY TEXAS BECAUSE IT IS A GOVNT ENTITY AND THERE FORE RESIDES IN TEXAS AND/OR TRANS ACTS BUSINESS IN THE STATE OF TEXAS SUCH THAT THIS COURT EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANT IS CONSISTENT WITH ALL APPLICABLE STATUTORY REQUIREMENTS AND CONSTITIONAL GUARANTEES.

## VENUE

VENUE IS PROPER IN THE CITY OF DALLAS COUNTY TEXAS AS ALL ACTIONS OF WHICH PLAINTIFFS COMPLAINS OCCURRED TO DALLAS COUNTY TEXAS.

11.

Hearing And Denial Of Due Process

On In About THE 9-11-96 Bryan Collier
Executive Director did Then And There unlawfully wh
ile He was Executive Director For THE STATE OF TEXAS A
nd while Acting under color OF His pumported Official
Capacity did Act in Bad Faith while unlawfully Perfo-
rming His duties within THE scopes OF His Employment
To Cause THE wrongful-Acts, Omission, Or Negligent-Act
THAT subject Stone To Mistretment by: THE Implemen-
tation OF A Formulated unconstitutional Mandatory
y supervision Release Review Policy And Proce-
dures THAT violated My due Process Rights When
Removing ME From under THE STATUTE. And THE Po-
licy Or Custom WAS THE Moving Force THAT Caused
My Personal-Injury From A Condition OF Proce
Which WAS Neither Warranted Nor Authorized by
THE Process. SEE U.S.C.A. Const. Amend. 14TH., House-
Bill-680 70TH leg. (1987)... Senate Bill 341 70TH leg.
(1987).... V.A.C.C. P. Art. 42. 18 yf 8 C 1 D (1996). Ame
ndment. SEE CH dice, 828 SW 2d 5., Tunner 733 SW 2d
218...

Relief Sought

1. Attorney Fees in THE Amount OF $ 5,000.
   Dollars.

2. Punitive-Damages in THE Amount OF $ 10,
   000, Dollars.

12.

3. COMPENSATIONAL DAMAGES IN THE AMOUNT OF # 15,000. DOLLARS.

4. THE PAYMENT OF ALL COURT COST BY THE DEFENDANT.

Claim Two

# UNCONSTITUTIONAL STATUTE

On Or About THE 9 11 196 Bryan Collier EXECUTIVE Director did THEN And THERE UNLAW Fully while He WAS EXECUTIVE Director FOR THE STATE OF TEXAS And while ACTING Under Color OF His Ou-Rpointed OFFICIAL CAPACITY did ACT iN BAD FAITH while UNLAWFully PERForming His duties within THE SCopes OF His Employment TO CAUSE THE UN Lawful-ACTS, Omission, Or Negligent-ACT THAT Sub JECT STONE TO MistretMent by: Applying THE New SENATE-Bill-341., House-Bill-684 AMENDM-ENT-STATUTE 70TH leg. (1996) TO THE TEX. Code Cuim. Proc. Rule Ant. $\oint$ 42.18 $\oint$ 8 (1987) STATUTE TO Impelment THE AMENDMENT'S CHANges TO EF FECTive My Present CONVICTION iN CAUSE No. F-91-42452 NT. And THE Policy On Custom WAS THE MoVing Force THAT CAUSE My Personal-In-Jury FROM A Condition OF Process which W AS Neither WARRANTED Nor AuthOrized by THE Process. SEE U.S.C.A. Const. AMEND. 14TH., House Bill-684 70TH leg. (1987)., SENATE Bill 341 70 leg. (1987)., V.A.C.C. P. Ant. 42.18 $\oint$ 8 C.D. (1996) AMEND MENT. SEE CHOICE 928 SW2d 5., TURNER 733 SW2d 218., CANNADY 913 SW2d 741

Relief Sought:

1. ATTORNEY-FEES IN THE AMOUNT OF $5,000. DOLLARS.

2. PUNITIVE-DAMAGES IN THE AMOUNT OF $10,000. DOLLARS.

3. COMPENSATIONAL-DAMAGES IN THE AMOUNT OF $15,000 DOLLARS.

4. THE PAYMENT OF ALL COURT COST BY THE DEFENDANTS.

## Claim 3 THREE (EX - Post FACTO VIOLATION

On On About THE 9 11 196 Bryan Collier EXECUTIVE Director did THEN And THERE UN lAW Fully While He WAS EXECUTIVE Director For THE STATE OF TEXAS And While ACTING Under COlor OF His Appointed OFFicial Capacity did ACT in Bad FAiTH While unlaw Fully PerForming His duties within THE Scopes OF His EMplOy ment TO Cause THE Wrongful ACTS, Omission, On Negligent-ACT THAT Subject STone TO Mistretment by: Applying THE TEX. Code. Crim. Proc. R. Art. of 42.18 of (8) (1987) Supervision Release STATuTE And THE New (1996) MANDATORY-SUPERVISION Amendment Retroactively TO my present CONVICTION in cause No. F-91-42452 NT TO EX-ACT A punisHment For An ACT WHICH WAS NOT punishAble AT THE time it was Committed On IMPose A Greater punisHment THAN THAT prescribed WHEN THE ACT WAS Committed. And THE New 1996 Amendment WAS THE Moving Force THAT Caused my personal-injury From A Condition OF process WHICH WAS Neither WARranted Nor Authorized by THE process. See USCA CONST. Amend. 14 TH. House-Bill-67 TO 70 TH leg. (1987),,, SENATE-Bill-341 70TH leg. (1987),,, V.A.C.C.p. Art. 42.18 of 8 C . D

16.

(1986) Amendment, Citing 838 S.W.2d 5, Gannady 913
SW2d 741.

## Relief Sought

1. ATTORNEY FEES IN THE AMOUNT OF $5,000.00
   Dollars.

2. PUNITIVE-DAMAGES IN THE AMOUNT OF $10,000.
   Dollars.

3. COMPENSATIONAL-DAMAGES IN THE AMOUNT OF
   $15,000. Dollars.

4. THE PAYMENT OF ALL COURT COST by THE DEFE-
   NDANTS.

Claims Felilil

## Mistaken-Identification

On On About the 10/10/91 the Defendants the City of Dallas, the Dallas County Sheriff, Jim Bowls, the Dallas County Police John or Jane Doe, the Dallas County Crim. District Atty. John Vance, the Dallas County Assist. Crim. Dist. Atty. Sandy lee d And Richard Reed, the public Defender General Ald Skon And Keith Jayman, Bruce Anton, the Dallas County Dist Court Judge Jack Hampton, the Dallas County Dist. Count Judge Joe Kendal did Then And There Unlawfully While They Were A State lical municipality Governmental Entitie For the State of Texas And While Acting Under Culor of There purported Officially Capacity Did Act in Bad Faith or With ulterior-Motives While Unlawfully performing There duties Within the Scopes of His Employment to cause the Wrongful Acts or Omission or Negligent-Act That Subjected Stone to Mistreatment by: the Implementation of A Formulated, police Identificati- on policy, process, procedure. That Was A Malicius, Misuse or MisApplication of

ion Purpose of Compelling Stone To Answer TH
E Accusion of And Indictment And later Con-
viction To deprive Stone of due Process, of A
liberty Interest And substational- Right To be
Free From Unlaw Ful Restraint. And THE Poli-
Cy or Custom was THE Moving-Force THAT Cause
My Personal-Injury From A Condition of P-
rocess WHich was neither Warranted nor Au
THorized by THE Process. See U.S.C.A. Const. Am-
End 14TH, Fed. R. Evid. R. 901(A) (B)(4), (9), Neil
409 US 188, Simmons 390 US 377, Wade 388 US
218, Denno 388 US 293, Gilbert 388 US 263,,
CHapman 386 U.S. 18,.

## Relief Sought

1. Attorney Fees in THE Amount of $ 20,000.
2. Punitive-Damage in THE Amount $ 10,000,
   000. Dollars For EACH Year Served.
3. Compensatory-Damage in THE Amount
   of $ 20,000,000 For EACH Year Served.
4. Payment of All Court Cost by THE Defe-
   ndant.

# Claim Five

## Lack of Jurisdiction

On or about the 10/10/19? the Defendants: The City of Dallas, The Dallas County Sheriff Jim Bowls, The Dallas County Police Chief John Doe, The Dallas County Crim. Dist. Atty. John Vance, The Dallas County Assist. Crim Dist. Atty. Sandy leed, Richard Reed,, The Public Defender Gerald Skyn, Keith Jayman,, Bruce Antson, Dist Court Judge Jack Hampton, Joe Kendal, County Court Crim. Dist. Atty. John Doe, County Court Crim. Assist. Dist. Atty. John Doe, The County Court Judge John Doe did then and there unlawfully while they were a State local municipality governmental Entitie for the State of Texas and while acting under color of there purported official capacity did act in Bad Faith or with ulterior-motives while unlawfully performing there duties within the scopes of his employment to cause the wrongful acts or omission or negligent-act that subjected Stline to mistreatment by: placing a Fraud or Fraudulent Criminal off-

FALSE COMPLAINT NOTICE THE YEAR BEING TO INDICT STONE IN THE COUNTY CRIMINAL DISTRICT COURTS RATHER THAN A COUNTY COURT FOR THE PRIMARY OFFENSE OF BURGLARY OF A BUILDING A STATE JAIL FELONY. FOR WHICH THE DISTRICT COURTS LACK JURISDICTION WAS A MALICIUS, MISUSE, OR MISAPPLICATION OF PROCESS. OF WHICH THE CRIMINAL OFFENSE COMPLAINT WAS THE MOVING FORCE THAT CAUSE MY PERSONAL-INJURY FROM A CONDITION OF PROCESS WHICH WAS NEITHER WARRANTED NOR AUTHORIZED BY THE PROCESS. SEE U.S.C.A. CONST. AMEND 5TH, 14TH, U.S. V SMITH 982 F2d 757.., FED. R. CIV. PROC. R. 7(A). Relief SOUGHT

1. ATTORNEY FEES IN THE AMOUNT OF $ 24,000 DOLLARS,

2. PUNITIVE DAMAGES IN THE AMOUNT $ 10,0 00000, DOLLARS FOR EACH YEAR SERVED.

3. COMPENSATORY-DAMAGES IN THE AMOUNT OF $ 24,000,000, DOLLARS FOR EARCH YEAR SERVED

4. PAYMENT OF ALL COURT COST BY THE DEFENDANTS.

I Hereby Certify THAT A True Copy OF THE Co
mplaint HAS been US Mailed To: THE United States Dist-
nict Clerk Office Earle Cabell Federal Bldg 1100 Commu
ence St. 14TH Fl. Dallas County Texas 75242 On This 23
day OF Dec 2021.

adnil Lee Stone
Plaintiff.

22

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF TEXAS

DALLAS-DIVISION

RECEIVED

JAN 11 2022 ND

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Alfred lee Stone ET. Al.    Cause no.
Plaintiff,

V

3-22CV0070-E

Bryan Cullien ET. Al.
Defendant,

Clerk notice

To: Clerk of District Courts

Clerk Take notice That The Defendant Has
been served A copie of The plaintiffs original co
mplaint And Summons.

Declaration

I Alfred lee Stone Here by declares: That the
Defendants Attorney Has been served A copie of the
plaintiff original complaint And Summons.

I declare Under penalty of perjury That the
forgoing is True And Correct. Executed At Iowa pa
Auk Texas On This 12 / 22 / 21.

_Alfred Lee Stone_
Plaintiff,



Alfred lee Stone 599065
2131 FM 369 N
IOWA PARK TEXAS 76367

Jim Barth
The United States District Clerk
Earle Cabell Federal Bldg
1100 Commerce St. 14th Fl. Rm. 1472
Dallas County TEXAS 75242